Hear first from Mr. Masso. Good morning, Your Honors. May it please the Court, my name is Jad Masso, and with my partner, Tate Hemmingson, who is with me this morning, I represent Eagle TX I SPE, L.L.C., the plaintiff and the appellant in this case. This appeal presents essentially three questions, two of which were briefed in the party's original brief, and then an additional issue that was raised by the Court and is the subject of a letter brief. The two primary questions are, number one, whether a— On the real party in interest, if we agree with you that that's a point that needs to be addressed, should we address it or should we send it back to the district court to address it? I think this court should address it. I think it's a pure question of law that can and should be addressed here. What are your three issues you're going to argue? The three issues are whether a partnership was in fact formed. If a partnership wasn't formed, I don't think there is a need to address any other issue. If a partnership was formed, then we have to look at that secondary question of whether the partnership is in fact a real party, such that the members may or may not destroy diversity. I think only thirdly do we reach the court's suggested question of the potential federal question jurisdiction under Section 1819. I think that question only comes into play if we find that there is in fact a partnership, the partnership is a real party. Then we've got to look, well, does that make the FDIC such a party that it might invoke federal question or even federal agency jurisdiction? In looking at any of these questions, I think the standard of review is very important and is worth at least a moment. There was a lot of dispute in the briefs about whether this is a factual attack or a facial attack. I think we can assume, at least for purposes of the appeal, that it was a factual attack. Defendants certainly didn't come in and say there's a problem with our pleading. What they did is they came in and say, here are additional facts that, if true, destroy diversity. Okay, so here's my question. I think everybody agrees if there was a fact to be found, in other words, if there was some accusation that Mr. X said something and he denied saying it, that that would be the district court would make that factual finding. We would defer to that unless clearly erroneous. To me, the question is, is the—so I think everybody says, look, this is controlled by these two documents, so we can all read the documents. There's nothing to really rectify on that. So then I think the dispute is whether the weighing of those documents and these five factors and all that is a question of fact or a question of law. So can you focus on that? Certainly, and I think it is a question of law. I think there's some helpful authority from this very court about it. Obviously, as Your Honor alluded to, contract interpretation is always a question of law. This court can do it as well as any other. The MinuteMaid case, which we saw in our brief, I think is instructive when it comes to formation of a partnership or that analysis of whether a partnership exists. That was a case. It's a relatively old one. It's from 1961, I believe. But it's one where the court was looking at an agreement between two parties, a business arrangement. The court looked at the written terms of the contract and also the course of conduct of the parties and said, all right, the course of conduct really isn't in dispute. The terms of the contract certainly aren't in dispute. That's a question of law. So when we look at this, we looked at it not as a fact finder, but as a court of law applying the law to the undisputed facts and to the language of the contract. And in that case, I think it makes clear that the determination of a partnership under that, in that circumstance, which I think is the same circumstance we have here, is a question of law. It's something for review de novo that this court can look at and make the determination of. I don't quite understand why weighing the different factors does not at least make this a mixed question of law and fact. I certainly see the question, and I think it's an interesting one. But what this court has held before and what other courts following those same line of cases have held is that if the facts are undisputed, then the conclusion that you draw from those facts as to whether a partnership exists, even if that includes the weighing of the factors, is a question of law and not a question of fact. The fact is— Whose law governs whether this is a legal question and whether it's for the standard of review as clear era or de novo? Is it Texas law or our law? Because there's some questionable Texas law that was in some of the briefs about this. We review this for clear era, which I can't understand. But if that's the Texas law and if that controls, where are we? Or does it control? I think federal law controls the standard of review here. Because in all of these partnership cases, we're looking at— I mean, the partnership standard is always under state law, whether it's Texas or Louisiana or Alabama or wherever. State law is going to define what a partnership is. The standard of review in all of these cases has been the federal standard of review is if your facts are undisputed, we're going to apply the state law test de novo and draw our legal conclusions from that standard. It's clear there was no evidence presented on whether it was a partnership issue other than the contracts. That's correct. The only—and I'll concede there's one piece of evidence that did go outside the contract to an extent, which was a web page that talked about the terms of the contract. And the reason why that was introduced, it was argued that that was evidence of an expression of an intent. The district court held it was no evidence because it was just a web page. It was a casual usage and it only dealt with the FDIC's opinion of things and not anybody else's. But other than that, we're still talking about the terms of the contracts themselves. There's no other evidence as to whether a contract—sorry, whether a partnership was formed or what the terms of it might be. The focus of the whole arrangement, where the district court really focused and where the appellee really focuses is this question of control, which I think if you look at— I guess I'm wondering how we got to the five factors, since I'm trying to figure out how this is an association of two or more persons to carry on a business for profit as owners. This is a collection suit on a note. I'm just having trouble with what the business is. So how did we get all wrapped up in these five factors without even looking at the actual definition, which you cite in your brief, of whether this is even a business that they're co-owners of? I think it is a problem. I think it's a huge problem. I mean, I think that's one of the factors that I think in every single case is one of the most important as to whether this is a business for the pursuit of a profit. And the district court looks at it and says, no, it's not, but that wasn't the point of this anyway, so we can disregard it. I don't think you can just look past it if the whole point of any other partnership is to make money. This isn't a partnership to make money. It's a contract by which someone's going to get reimbursed for a loss. It's more like a warranty. Eagle hoped to make money, didn't they? Well, yes, I think so. Eagle bought these notes at book value as part of the assumption of the failed bank's assets. They paid book value, and this is the way the FDIC apparently does things these days. They pay book value, and then it turns out if you've got a loss on it later and you comply with all of the record keeping and whatnot, then you can ask the FDIC to reimburse you because it turned out these assets that you bought at book value turned out to be duds. Well, then, is Eagle LLC a separate entity from Eagle TX-1SPE? Or is that just one entity? There is the Eagle TX-1SPE LLC is the plaintiff in this case and the owner and holder of the notes. I think the Eagle entity that you mentioned is the sole member of the plaintiffs, and then the owner of that LLC is— You know, the problem I'm having conceptually with saying it's a partnership is it starts out not as a partnership but a company. So, was it clear that the district court said that the FDIC was a partner of the LLC or a member of the LLC? The way the district court followed it, as I understand it, is that the shared loss agreement in the inception formed a partnership between the FDIC and BB&T, the assuming bank in that case. When the assuming bank, BB&T, assigned and sold loans, some of these shared loss loans to other entities, in this case our Eagle entity, the district court found that that partnership, which was FDIC and BB&T, then became a new partnership between the FDIC and Eagle. Is it a new one, or do they step into the shoes of BB&T as a partner pre-that with the FDIC? The way I understand the district court's analysis is that it was a new partnership. The reason why I'm thinking that is because the district court even went so far as to say when it was looking at the expression of intent, to say, well, there was no expression of an intent to be a partner from BB&T, and certainly not any from Eagle, as to whether we're agreeing to this. This is a sale of these loans as part of a receivership liquidation of the assets of a failed bank, right? Right. I mean, plain and simple. I'm just trying to understand what the business is that they were supposedly forming. I mean, they weren't selling hamburgers or anything like that. I mean, I don't know. I know that I should direct these questions to your opponent because you agree with me, but I'm just having trouble because Judge O'Connor is a very smart guy, and how we even got where we are is I'm having trouble grasping because it just seems like we're talking about duck when we should be talking about elephant. I mean, that's just how it seems to me, and so I must be missing something, so that's what I'm trying to understand. Of course, Judge Haynes, I do agree with you, but I think where the district court was headed with it, and I think what you'll hear from Mr. Henderson is that the business was collection on a loan of questionable value, and the idea is the bank or EGLE paid book. Well, then everything's a business anytime you do a contract with anybody for anything and retain any kind of continuing relationship with that person. Anytime you can inspect the books of somebody you're doing business with, you're in a partnership, and that's scary to me. It is very scary. So what would be the limiting principle you would announce? Because we do have these five factors. The court found control. If we decide we have to give deference to that, where would you announce a line that we could give? Because, you know, we do have these kind of vague relationships that we find as partnerships and so on. Where is that line that you would announce that you think is the right line? I think what you have to look at is that control factor. I think that's the big enchilada, and I think when you look at the contractual language that the district court is relying on to say there is control, I think the district court just missed the mark. So then the standard of view doesn't matter because you're saying they missed the mark on facts. I mean, even if we're supposed to give deference to the fact finding, you're saying that's not control as a matter of law. I think it's not control as a matter of law because it's contract interpretation. When the district court was looking at control, it relied entirely on the terms of the contract, and this court can take a fresh look at this or any other contract. What law tells us is that there's not enough control here. Well, when you look at the fact, what becomes control? The Ingram case from Texas is the seminal case. I've read dozens of cases since Ingram, and they all just cite back to Ingram. But Ingram talks about control meaning the authority to make executive decisions about the business, things like writing checks from the company bank account, managing the assets or being able to dispose of company assets, control over books and records, not just access to books and records. That's what control is in the context of a partnership, and we don't have any of those here. What the defendants have pointed to is the restrictions and the rules by which EGLE is supposed to administer these loans, but the whole purpose of having rules in place is to put a limit on the circumstances under which the FDIC actually has to reimburse EGLE for its loss. But you don't want them going out there and taking a fall on purpose and then saying, okay, yeah, we just kind of gave away these loans and settled for nothing, and now you need to reimburse us. We can't just go out there and say, sorry, it didn't work out. Give us our 80 percent now. Before you run out of time, would you address the point of the supplemental briefs? Because if there is subject matter jurisdiction, then we can forget about the rest. Certainly. My concern about the Section 1819 issue is that we've got we're a couple steps away from it. 1819 comes into play if the FDIC is a party. At this point, from our perspective, the FDIC is not a party. It's not even a part of a partnership that is a real party. So to get there, we've got to say there's a partnership, the partnership is a real party, and because that partnership is a real party and because the FDIC is a member of the partnership, it destroys diversity. But I don't think even if all of that is true, even if all of that's true, the FDIC is still not really a party. It's just a member of a real party and interest. So as much as I'd like to say. I don't care about destroying diversity. What I'm asking about is subject matter jurisdiction. What I struggle with is how it is that the FDIC becomes a party. It's certainly not the way we pled the case, and I don't think there's any shade of the way the defendants are setting this up that would make the FDIC. Didn't you file a supplemental letter that agreed with the idea that they were a party in any capacity? We did not. You filed that letter. We said if they were, I believe our argument was. Two letters were filed, and I really didn't focus on who the lawyers were. One of them said, oh, yes, I mean, if there is a partnership, then of course they're a party in any capacity and all this stuff, and we can amend our pleading and all this. And then the other guy said, oh, no, no, they're not a party. The partnership would be the party, and I thought it was squared up this way. Well, what we said. And now you're saying something opposite to the letter you filed. Well, and I don't mean to confuse the issue. I know I'm out of time, but I'll answer briefly. I think what we said was we don't think we'd get there. Yeah, you said that, but then you said if it is a partnership, then they're a party that you had this whole in any capacity. Was that not you? That was us. Waxing illiquid on the any capacity? All right, and so you said there was a federal question. Now you're saying there's not. But I don't think we ever get there. I don't think we ever get there. I don't see how the court gets that far. If we affirm Judge O'Connor on the partnership, then what? Is there or is there not federal question jurisdiction? If you affirm on the partnership and find it's a real party, then we have to answer the question of does that make the FDIC a party in any capacity. And to be quite honest, Your Honor, I don't know. I struggle with that. I'd love to say yes, there's federal question jurisdiction. But somebody said yes in a letter filed with the Fifth Circuit. Who was that? It had to have been us if someone said it. I'm going to give you a couple more minutes. I'll give you three more minutes because I think we need to talk about what we do with a case if we affirm the finding of a partnership. I gather you say we need to send it back to get a finding of whether EGLE is a real party of interest. Is that essentially what you want us to do? That's not right, Your Honor. I think we can, under the circumstances we have where this all turns on contract interpretation and perhaps other undisputed facts, it's a question of law that this court should answer. The district court impliedly made the determination that this partnership was a real party. We believe that conclusion was in error and should be reversed as well. So what do we do if we reverse that? If you reverse that, then jurisdiction exists and we're remanded to proceed with the case. All right. If we agree that this was a partnership, that's my premise, if we agree that it was a partnership, don't we still have the question of whether EGLE was a real party of interest or whether the partnership was a real party of interest? The question of whether the partnership is a real party of interest is before the court. That is something the district court decided, didn't give much analysis, but it did make that decision that this court ought to reverse. The question of whether EGLE is also a real party has never been really contested. The only thing that the defendants presented in their motion to dismiss was here are additional facts that show involvement of the FDIC. If we show that that's simply incorrect, then we're back where we started. EGLE is the owner and holder and is entitled to proceed with the case. Okay. Mr. Masso, are you Jad Masso? I am. On November 21, you filed a letter that is electronically signed by you where you said, yes, they were a party in any capacity. Are you disavowing this letter? Did somebody file this in your name without your knowledge? They did not. This has been 12 days ago, and you don't even remember what you filed? I do remember, Your Honor. Okay. Then what are you doing? You can't do that. You can't just show up and say you don't even know about a letter. Maybe your opponent filed it when you're the one who filed it. I'm sitting here on your firm's letterhead, and it's fine for you to say you discovered a case in the interim that shows you're wrong. I mean, that's honorable. But what you're doing, in my view, is quite dishonorable to come in here and now make the opposite argument to what you filed with this court without explaining yourself and, in fact, acting like you don't know what I'm talking about to where I have to go look up your letter. Now, could you please explain that to me? I think what we mean by the argument in the letter is that if there is a partnership and if the partnership is a real party, then the FDIC does have some capacity in this case, and perhaps it does arise to the point of federal question jurisdiction or federal agency jurisdiction. I think it's not the strongest argument. I don't think we have to reach it, but I think it's a fair question. Okay. Thank you very much. I would recommend not doing that again, okay? All right, Mr. Henderson. Excuse me. Good morning. May it please the court, my name is Craig Henderson. I represent the Appalachian Sharif and Manure Enterprises and Mickey Manure. The argument that we obviously made in the district court was that the FDIC and BB&T were partners in a partnership relating to the failed assets of Colonial Bank. This is the reason we argued this is because prior to these asset purchase agreements or purchase and assumption agreements and these lost share agreements, the FDIC had participated or had formed LLCs whereby they sold off interest and became members or co-members with the private sector to collect the loans. And in this instance, they've put a little twist on it by doing this in a form of a lost share arrangement whereby they contractually agreed with a new bank to come in to preserve the integrity of the banking system, to keep the deposits in place. Bank, you come in, not a private party bill collector or note purchaser, but rather get a bank, assume the assets, the deposits, and then let's talk about the notes, these other assets that we want to recover. And that's the lost sharing part of it where the FDIC, in a very complicated agreement, says we will reimburse you, bank, up to a certain amount for these bad loans. And based upon those cases about, because now, the LLC cases, there's several cases cited in Judge O'Connor's opinion and it was cited in our brief that talk in terms about subject matter jurisdiction. If an LLC is not a corporation, LLC member, if the FDIC is a member in that, then that destroys diverse subject matter jurisdiction because the FDIC is not a member, I'm sorry, not a citizen of any state. So by analogy, I argued that this is nothing more than a partnership. And then I alleged Texas law applies. There was no argument made in the district court, and Judge O'Connor adopted my Texas law analysis. So Texas law applied, you applied the five factors that he applied. He came up with two. Under Texas law, the determination of whether a partnership exists is a fact question. If I was in Texas state court and federal court, I would have to submit those five elements as a jury question. And therefore, it is quintessentially a fact question. And therefore— How is EGLE and the FDIC in association to carry on a business for profit as owners? The FDIC and BB&T formed the original partnership. EGLE is a wholly owned subsidiary of BB&T. Immediately prior to the foreclosure, BB&T assigned the notes to its wholly owned subsidiary, EGLE. And by doing so, and obviously I agree with Judge O'Connor's view of this, is EGLE stepped into the shoes of BB&T vis-a-vis the partnership. And at all material time, therefore, became a substituted partner in this partnership. Now, there were a number of notes involved in the original agreement. I believe there's four notes involving my clients. There was—I mean, I don't know how many notes were involved with Colonial Bank assignment to BB&T. I'm sorry, the FDIC assignment of, I assume, BUCUs and notes. I'm talking about with your client. Yes. And we were—my client's notes, I think at least four notes. BB&T only had four notes? Yes, they did. Okay. And now whether the ownership of those notes are clear, you know, there's an assignment in the record, but there's no endorsements on the note that I can see. There may be an issue as to owner and holder status, but that may be an issue for trial. Let me get back to something you said that you glossed over about the Texas law making this a matter of fact. If we accept that the elements that were analyzed, the non-exclusive list, that answering those are facts, what I read in the district court and what I continue to believe is, because some of those are in your favor and some are not, that what the effect of the fact findings of those individual, discrete elements, non-exclusive list, whether the result of that produces a partnership or not, even under Texas law, is a question of law, or at worst, a mixed question of fact and law. Now, how do you get me off of that? Well, Judge O'Connor did give us a little bit of insight as some of the factors are more important than others, such as the control. And a jury could have done that, too. But when you get a jury verdict that says you have an instruction that says here are the five elements, and there would also be an instruction under the Texas Business Organizations Code is you may find the existence of a partnership even though the parties did not intend to form a partnership. And that's also in the Business Organizations Code. That's statutorily ingrained. But in that jury instruction, you give them those elements, consider these elements and none other, or however the instruction would be, and then you get a set. Was there a partnership formed? And in this instance, Judge O'Connor said yes, but where I don't know whether I can get my hands around in what Judge O'Connor did, he made actually specific findings or he actually considered each of those elements. And I've submitted to the Court, once the Court made those factual findings or finding there's a partnership, I think that's enough. Well, my problem with that is we accept as not clearly erroneous what Judge O'Connor found on each of those elements. But I would think whether it's a jury and it's a matter of a JNOV or it's us on appeal from a bench trial, that whether the bottom line is that given his findings that does or does not constitute a partnership is a question of law. I think where the question of law would be is perhaps if the evidence is legally insufficient or otherwise legally infirm to even support the jury's finding or Judge O'Connor's finding of a partnership. And in that regard, what we asked for was should the Court find that that evidence is legally sufficient? Because when we filed our motion to dismiss, the only thing my client had or we had access to is what was a public record. There was this law share agreement on an FDI website. There was a 10K SEC filing that the judge accepted as evidence. There was another FAQ filing that was also put into evidence. There was an affidavit by my client which the Court declined not to consider or used his discretion not to consider. But I believe that this is just the tip of the iceberg because I believe there's also communications back and forth between the parties that would substantiate my argument about there being a partnership. If the Court finds that the evidence presented was legally insufficient to not support Judge O'Connor's, then I'd ask a remand and allow us to continue on with it. Why should you get another bite at the apple? Because we never got the first bite at the apple on that. Because we asked for jurisdictional discovery that was hotly opposed by opposing counsel. I asked for an evidentiary hearing, which under applicable law in my brief, I don't have the case site, that we're entitled or the Court has discretion. I don't know that we're absolutely entitled, but the Court has discretion to grant that. Did you make some kind of threshold showing of what you would produce? Yes. Yes. And that was in my original motion and also in my reply. I asked the Court, could you please? And they said, no, we're going to stand pat on the documents. Okay, let me be more fundamental here on this partnership thing. If now, let's say we were to affirm Judge O'Connor on the finding of partnership. Now you get a client similar to the FDIC who says, man, I do not want to be in a partnership, but I want to sell these notes and I'm not going to be able to sell them unless I can give them some sort of guarantee of reimbursing and I don't want to just have them running wild, you know, settling notes for two cents on the dollar. How can I structure this to avoid a partnership? What would you tell them? I would tell them to put in those safeguards or those mechanisms such as a very threshold one, put a provision in your agreement that notwithstanding anything contained herein, the parties do not intend to be a partnership. Intent doesn't matter. You just finished telling us intent doesn't matter. And the Court found there wasn't an intent to form a partnership. The Court that you want us to affirm the findings on made that finding. But I see that in a lot of commercial documents. I would also say you have parties. You have these elements out there. You have the five elements. Then let's get together and let's make sure that I don't have control. Rather, I just have the ability to inspect records, but I don't have the ability to control whether or not you're going to sell the note, whether or not you're going to get a certain price for the note. Lend me to the paragraph that you feel controls the books. I don't understand controlling the books. I understand access to the books, but what is it that you're focusing on in the agreement that you think is this control that pushes it over the edge despite the absence of several factors as found by Judge O'Connor? Well, I don't believe the control of the books. That's one example of one of the elements, Your Honor. I don't mean to say that's what I'm hanging my hat on. There is on page of my brief, I'm sorry, in the record, on pages 495 through 499 are a listing of, in bullet points, of all the elements or indicia of what I believe gets it to the partnership. I haven't juxtaposed what Judge O'Connor found as far as those controls. That's your problem. Your whole thing has got to be that this is a fact-finding and we've got to give all this deference to Judge O'Connor or you are absolutely dead on arrival. And so he did not find an agreement to share profits. You said there was. He didn't find an intent to form a partnership, but you said there was. And so this list that you had that went on for four pages I found very difficult to parse because it doesn't line up with what Judge O'Connor found. So the only thing he found that, in my opinion, gives you any argument here is this control issue. So that's why I'm back to the agreement. The agreement's what gives them control. There's no evidence of some other control, that they came barreling in and doing things. So what in the agreement gives them so much control that it overrides the absence of intent, the absence of ownership, the absence of an agreement on profits? The control has to do with what he can do with the notes, what he, I'm sorry, Eagle SB1, what they can do with the notes, whether they can transfer them. And Judge O'Connor did speak about that without the FDIC's permission. But this is only if they want to collect on reimbursement, right? If they just decide to sell these notes and they don't want to be reimbursed, does it matter? I mean, the bottom line is the FDIC doesn't want to reimburse people for not kind of doing their job. And so I don't know how else the FDIC, I mean, I don't really know how the FDIC can protect themselves without becoming a partner under your view of the world. I'm just trying to understand that. Well, under the old regime, under the, you know, when you could, when the FDIC sold notes, and this is, they sold notes for 20 cents on the dollar, 10 cents on the dollar, and they get paid for that and the note would be endorsed without recourse or warranty, have a nice life. Now they're, and this is where the partnership comes in, where they're saying, okay, I want you to do this. I want you to sell the notes so all boats rise in a rising tide. You make money and we keep down our losses for the failed institution. And by doing so, by exercising that control, instead of just a blanket endorsement, they're saying there's strings attached, and the strings attached are A, B, and C. You have to do, follow certain procedures. You have to provide us with access to the books and records. You have to follow FDIC policies. You can't just Let me ask you this. If EGLE sold the note but did not want to be reimbursed, would there be any penalty to EGLE for the failure to have consulted the FDIC or done any of these strings but the inability to get reimbursement? I don't know the answer to the question, Your Honor. Let me ask you this. The Cardone case that Judge O'Connor relied on, as I understand it in that case, the plaintiff was the partnership, not arguably an individual partner. Is that right? And wouldn't that make a difference? I mean, if the partnership sues, then it makes sense to me that individual partners would be the proper, would be the real parties. Whereas if an individual partner who is a real party in interest, and actually in this case FDIC is not going to get anything out of any recovery that's made here. EGLE is going to get it all, as I understand it. So EGLE is clearly a real party of interest. And even if it is a partnership, FDIC is at most a nominal partner because they don't get anything out of the proceeds of the lawsuit. Can you talk to me about that? First of all, the FDIC, the fact that there's not a partnership party named in this lawsuit or a partnership party that's the plaintiff, the fundamental problem there is they disagree it's a partnership, and they did not sue in the name of a partnership for an entity that they believe does not exist. So in order for me to establish a partnership, I have to allege it and say, no, you are only a nominal party under Texas partnership law. The partnership owns the property. The partners don't have an interest in partnership property. So if the owner and holder of the note is the partnership, then I disagree with the premise asserted by the appellants that they are the real party in interest or they're more than a nominal party. Why would the FDIC be more than a nominal party here if they really don't stand to gain anything out of the lawsuit, even if the plaintiff wins? Well, the FDIC is not, I mean, they're only a partner in a partnership entity. They are not even going to be a party. And that's in my brief, in my supplemental brief, I said that pretty clearly. I understand that. But, I mean, as I understand it, even under Texas law, if, you know, where ordinarily the partnership is the proper party to sue, there's an exception to that when you may allow a party who's the partner in interest to sue if the other partner is only a nominal party, partner. Is that not right? I, the partner under the Texas Business Organization Code, each partner in the Texas partnership is an agent of the partnership. Okay. So that's clear in the statute. Whether, I don't know whether a partner by himself can sue on behalf of the partnership. I understand if there's a derivative cause of action where the partnership refuses to comply with the demand of a partner to go sue on behalf of the partnership. But generally, if there was a partnership, it should be the partnership entity. It's an entity theory state. Texas is the partnership entity has to assert that cause of action. And the interesting thing in that, as far as it applies to diversity, as I was thinking about it, if we have a partnership and I want to be in federal court, I'm a plaintiff for whatever reason I want to be in federal court, then I have three partners. I'm going to pick the one that's going to preserve diversity. And I'm going to have you sue on behalf of the partnership. And I think that goes to where you have to look at the— But, I mean, Eagle didn't sue on behalf of a partnership. Eagle sued in his own name as owner and holder of the note. If they're not the owner and holder of the note, you have a good defense to the case on that. But that's not a subject matter jurisdiction case. That's a merits case. So they're claiming to be the owner and holder of the note. There's no evidence that any partnership is, in fact, the owner and holder of the note, except by your argument that just by virtue of this relationship that they have, that they formed this partnership and, therefore, somehow should be in this case, even though the record evidence is that Eagle is the owner and holder of the note. And, as I said, if they're not, go defend that case, and you'd be a lot quicker getting rid of it. In the footnote to—in the opinion of Judge O'Connor, he alluded to the idea of, oh, well, the plaintiffs say we are the owner and holder of the note, or that they're the owner of the note. But Judge O'Connor, in this footnote, I believe it's footnote five, says that transfer, that assignment to Eagle was illusory because of the control the FDIC exerted on that note. And it is inextricably intertwined that the partnership is the owner of the note, or our argument is the owner of the note, and, therefore, that's where it's not only a defense that I could use down the road, but it's also a jurisdictional issue. They're the real party in interest. I'll give you three more minutes, too, if you need. Thank you, Your Honor. I want to make a couple of points, and I didn't finish my thought with Judge Haines. She asked about the control issue. I believe Judge O'Connor said there was also—there was no dispute about a sharing in losses. So the defendants did not make any kind of— and I think by definition, the loss-sharing agreement, that was another element that supported the finding of a partnership, the control and the loss-share. The Judge O'Connor concluded there wasn't an agreement to contribute money to the partnership, and also I believe he concluded that there was not an agreement to share profits. And if I've urged that in my—at the court, I don't know that I've—in arguing that now here, but the judge did not find a sharing of profits on that element. So you're—let me get—I'm sorry if I'm repeating myself, but your main—your proposition is that under Texas law, if you have a partnership, that's the proper party to sue, and that's what should be the rule here. So the partnership would be the real party of interest, and a partner—individual partner can't sue on a partnership debt. That is correct, Your Honor. And that is true even though there may be a partner such as FDIC who really has no skin in the game as far as getting any recovery out of this lawsuit. So their interest is—seems to me to be pretty minimal as far as this lawsuit is concerned. But that—you'd have to look at that party's citizenship as well as the party who's going to get the entire recovery. I don't know that I can necessarily summarily agree that the FDIC doesn't have a skin in the game if there is an issue with the note or the collection thereof, because I think if the note is collected or there is—or perhaps my client doesn't have any money, how does this go back through the gristmill as far as losses or whether this asset triggers a lost share or whether they get reimbursement for this asset which they paid for under the lost share agreement? They may very well have an interest in the outcome of the litigation. It wasn't apparent from what I saw Judge O'Connor found. He said they didn't have an agreement to share profits. No, but they had an agreement to share losses. So, therefore, that's the skin. It may not be an accretion of skin, but maybe a loss of skin, if you will. As the—there are some public policy arguments that were—two seconds, I'm sorry. No, go ahead and finish. That were made by the plaintiffs, the appellants, about this is going to turn the FDIC upside down on its head. My response to that or all these relationships or all these other lawsuits, my point is on these facts and on the record before Judge O'Connor that was presented to him, he made the decision or he made the finding of a partnership under these facts under Texas law. If the FDIC or, I'm sorry, if the plaintiff had filed an affidavit or other controverting evidence that may have carried the burden and they had the burden of production and persuasion on this jurisdictional issue, it may have been a different result. So, I think this case on its own can be contained based upon the facts and the records that was before Judge O'Connor. Thank you. Okay, thank you, sir. Okay, Mr. Masso, back to you. Masso, let me ask you, what do you say to counsel's argument that if we're inclined to affirm the district court on the partnership issue based on the record that has been made, do we need to send it back because the appellee didn't get a chance to put his evidence on it? That is an interesting point. And the argument that I have in response to that is the same that we made in the district court, which is their entire allegation turns on the interpretation of a contract. It's the purchase and assumption agreement connected with the shared loss agreement. There's no need for any discovery beyond that if it is, as they allege, those contracts that create this partnership. That's their position. It's really not an ongoing business to have discovery about. I mean, this case is the business of this partnership if there is a partnership. Well, except the partnership really was between BBT and FDIC, and there may be evidence about a course of dealing between the parties. Why wouldn't that be relevant? Well, I think the partnership that they are alleging is the partnership between EGLE and the FDIC. Well, I say EGLE stepped in the shoes of BB&T. Certainly. Whether there are other facts that could be relevant that would change the terms of the contract, I don't know that that would necessarily. Well, not necessarily change the terms, but augment how the parties dealt with each other, what their relationship was. I mean, I don't know what the evidence is. I think they would have had to allege that there's something more to this partnership than just the contract, and they haven't. I mean, they state pretty plainly in their motion that this is a partnership that arises from the shared loss arrangement. Yeah. Are they claiming that there was a partnership with BB&T that they then were substituted as a partner in place of in some ongoing business, or are they claiming that this document creates a partnership? My understanding of their argument is that this document, the shared loss agreement, creates the partnership. What else do we need? And obviously Judge O'Connor didn't think he needed anything else. And I think that's the correct conclusion. I don't think there's a need for any other discovery or an evidentiary hearing.  All right. What is your answer then to the last, the very end of the exchange between Judge Davis and your opponent, was to the effect that if there is a partnership, isn't it necessarily the real partner in interest because it would be the person that holds the note and all of that? Wouldn't that be the right analysis? That was Judge Davis's interchange, and I'd like your response. I think if there is a partnership, we still have to look to see who's the owner and holder. And there are other cases out there. We saw a number of them in our brief where you look at the arrangement between, say, the trustee and the servicer or the lender and the servicer, and you have to look at what the power. The question is in all of these cases is who's got the authority to bring suit? Who has the legal authority to go out and enforce it? And in this case, whether there's a partnership or not, there really is no question that EGLE is the entity who is, you know, we've got the chain of title in our pleadings that no one's contested. Their standing wasn't challenged. Their standing was not challenged. Conversely, if we had, for example, the FDIC bringing this suit or this theoretical partnership bringing the suit, I think there would be a standing problem with those entities because when you look at the notes and the supporting loan documents, EGLE is the owner and holder. So there's no one else, and so long as there's no one else. What do you do with the Texas statute, though, that says that if the partnership, if there is a partnership, that's the party that must bring the suit? If there is a partnership that owns, I don't know that I'm familiar with that, to be quite honest. Well, I might have it here in my notes. I mean, what you're saying is we have a lot of cases about mortgage servicers bringing lawsuits, and we always say that's okay, and so they have the right to bring it under the documents, and so they bring the suit, and that's the end of it. And is that what you're saying? I mean, you don't look beyond their right. If they don't, if they're not the owner and holder, then you lose on the merits, right? Exactly, and there was a great case out of this court last year called Key Bank. We discuss it some in our briefing that's sort of similar. It's not a servicer, but it's a group of banks that hold debt together, but there's one bank that has the authority to go out and sue and enforce and collect it and bind all the other banks. And the question in that case, I believe it was a diversity case, of do we have to look at the citizenship of all the other banks, or do we just look at Key Bank? And the answer was we just look at Key Bank because Key Bank is the only bank that's got the authority to be here. Nobody else does, and so nobody else matters. Okay, thank you very much. Thank you, Your Honors. All right, thank you. We have your case.